Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, NY 12572
Tel. (845) 876-7500
Fax. (845) 876-7501

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN SUAREZ and PEDRO MELO, <br><br> Plaintiffs, <br><br> vs. <br><br> CARTER MURRAY and CARMEN MURRAY, <br><br> Defendants. | Civil Action No. <br><br> COMPLAINT <br><br> Electronically Filed |

1.  Plaintiffs Lauren Suarez and Pedro Melo by and through their attorneys Charny & Wheeler P.C. bring this action pursuant to the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL) and for breach of contract and in the alternative quasi-contract to recover unpaid wages from Defendants Carter Murray and Carmen Murray (collectively Defendants) and in support Plaintiffs allege as follows.

JURISDICTION AND VENUE

2.  This Court has Federal question jurisdiction in that this action arises under Federal statute, 29 U.S.C. § 216(b).

3.  This Court has supplemental jurisdiction over the State Law claims pursuant to 29 U.S.C. § 1367.

1

4. Venue is proper in that Plaintiffs performed the work at issue at Defendants residence located in Staatsburg, New York, Dutchess County and as such Defendants reside within this District.

## PARTIES

5. Plaintiff Lauren Suarez is an adult individual who was formerly employed by Defendants.

6. Plaintiff Pedro Melo is an adult individual who was formerly employed by Defendants.

7. Defendant Carter Murray is an adult individual with a residence in Staatsburg, New York.

8. Defendant Carmen Murray is an adult individual with a residence in Staatsburg, New York.

9. Defendants were and are joint employers of Plaintiff, acting indirectly and directly in each other's interests in relation to Plaintiffs' employment.

10. For all times relevant to this Complaint, Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(s)(1), upon information and belief with a gross annual volume of business done of not less than $500,000 and with employees engaged in commerce, as defined by 29 U.S.C. § 203(b).

11. For all times relevant to this Complaint, Defendants' employees have engaged in commerce by regularly travelling between and among the States.

12. For all times relevant to this Complaint, employees of Defendants have regularly used interstate wires when communicating within the various states.

13.     For all times relevant to this Complaint Defendants have been an employer within the meaning of 29 U.S.C. §203(d) and Article 6 of New York State Labor Law.

## FACTS

14.     Defendants are a married couple with a residence in Staatsburg, New York, Dutchess County, located at 18-28 Old Post Road, Staatsburg, New York, 12580.

15.     In or about January 2018 Plaintiffs responded to a help wanted posting on Craig's List advertising for two experienced people in hospitality to live-in as caretakers.

16.     Defendants responded with a virtual interview, during which time Plaintiffs met Defendant Carter Murray.

17.     Approximately one week later, Defendant Carter Murray invited Plaintiffs to the Staatsburg residence for an in-person interview.

18.     Two days later, Defendant Murray telephoned and offered Plaintiffs the two positions and after discussion agreed to provide Plaintiffs with an automobile for their use.

19.     In or about late January 2018 Defendant Carter Murray caused to be sent to Plaintiffs a "Caretaker Agreement" which memorialized the negotiated terms of the Plaintiffs' employment with the Defendants (herein the Employment Agreement).

20.     The Employment Agreement provides, among other things that Plaintiffs are obligated to work without any rest while the Defendants are in residence in Staatsburg.

21.     The Employment Agreement states:

> 6.     Hours of Work
>
> A.     During the Owners' occupancy of the residence and/or any invitees including but not limited to family members, friends, business associates. the caretakers shall devote full-time care to the real property including, but not limited to all duties listed above. During such period of occupancy, the Caretakers shall not be entitled to any free days.

    B. During the Owners non-occupancy of the real property the caretakers shall be entitled to time off subsequent to all work being performed at the real property.

  22. The Employment Agreement provides, among other things, a notice requirement should the Defendants wish to terminate the Employment agreement, to wit, notice must be sent by "certified mail return receipt requested."  This provision states:

> In the event that the Owners for any reason determine to terminate this Caretaker Agreement, the Owners shall provide in writing thirty (30) days notice of same to the Caretakers at the address of the real property by certified mail return receipt requested or by overnight courier.

  23. On Thursday February 1, 2018, Plaintiffs began employment with Defendants.

  24. Plaintiffs were employed by Defendants from February 1, 2018 until March 18, 2020.

  25. Upon employment and to date, Plaintiffs received no written notice of any sort regarding the details of their compensation, including no notice of:  rate or rates of pay, including overtime rate of pay (if it applies); how the employee is paid: by the hour, shift, day, week, commission, etc.; regular payday; official name of the employer and any other names used for business (DBA); address and phone number of the employer's main office or principal location; allowances taken as part of the minimum wage (tips, meal and lodging deduction).

  26. With the exception of the very first payment, Plaintiffs were never provided a pay stub with each weekly direct deposit of their wages, including no notice of:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

27. Plaintiffs primary obligations were the everyday maintenance of the house, kitchen and outdoor spaces and servicing the Defendants and their family when the Defendants or their guests are on the Staatsburg property.

28. The Staatsburg property is a 10,000 square foot, seven bedroom, five bathroom, three level single family home.

29. The Property has three outdoor porches, a barn facility, a swimming pool with a pool house including an additional kitchen and dining room, a large pond, an orchard and vegetable garden, a free standing two car garage and ten car parking area.

30. Defendants provided Plaintiffs with housing, to wit, a four hundred square foot studio apartment above the two car garage.

31. During the entire time Plaintiffs resided in the apartment above the garage, the hot water lasted approximately five minutes.

32. Plaintiffs requested of Defendants that the hot water problem be fixed.

33. Defendants failed and refused to take any action to correct the hot water problem.

34. Plaintiff Suarez's duties and responsibilities were full housekeeping and groundskeeping.

35. Plaintiff Melo's duties and responsibilities were as private chef for the family and guests as well as light maintenance.

36. On the days when there were no Defendants on the property, Plaintiffs each worked approximately three hours a day.

37. For Plaintiff Suarez, the three hour days were comprised of the following: rotating housekeeping chores, including washing/drying/refreshing all linens and textiles in the house, towels, napkins, sofa cushions and all fabrics; deep cleaning of all common areas and

outdoor spaces; constant dusting; notification to maintenance staff, including Plaintiff Melo, regarding all maintenance needs; collecting garbage; and stocking and organizing household items.

38. For Plaintiff Melo, the three hour days were comprised of the following: project specific tasks such as cleaning a carpet or carpets; clean grout in tiles, changing lightbulbs (which is a significant chore in a seven bedroom house); garbage disposal; cleaning and maintaining three porches and their furniture; maintenance of the outdoor kitchen and firepit; cleaning and maintaining the barn facilities; Chef duties such as cataloging and shopping for stock items, cleaning the pantries; and light maintenance.

39. On the days while the Defendants were on the property the Plaintiffs each worked approximately fifteen hour days.

40. For Plaintiff Suarez, the fifteen hour days were comprised of the following: work day starts at 6:30 am; cater to all needs and requests of the family and its members; setting up the table and table service to Defendant Carmen Murray's demanding standards; full and constant sweeps of house to pick up after the Defendants and their children; traditional bed turn-up and turn-down service; pulling blinds in all bedrooms; assist in kitchen; shopping; maintain cleanliness and functioning of the house; changing linens and towels; and generally hyper-vigilant attention to order and needs satisfaction; usually completing the day's work at 10:30 - 11:00 pm.

41. For Plaintiff Melo the fifteen hour days were comprised of the following: work day starts at 6:30 to set up and prepare the breakfast table, often times with staggered meal times for the baby, children, nanny and adults/guests; clean up and full cleaning of all areas; starting at 10:00 am prepare for lunch, often with similar staggered meal times; clean up from lunch and

prepare for dinner; starting at 3:30 pm starting dinner preparation and full dinner service typically in three seatings; when meals not being prepared in house, catch up on duties; put out garbage which had been gathered by Plaintiff Suarez; full review of house, alarms, pool area; and complete shut down of house and facilities; usually completing the days work at 10:30 - 11:00 pm.

42. During fifteen hour days, both Plaintiffs would routinely be kept busy at all times, both in and outside of the house making sure things are turned on, environments feel welcoming and generally providing hospitality to the Defendants and their family and guests.

43. On the days immediately preceding and immediately after the Defendants' were on the property Plaintiffs would work approximately six hours per day preparing the property and facilities for the Defendants' arrival and cleaning up on those days thereafter.

44. In addition, on those occasions where the Defendants rented out the property to paying guests, Plaintiffs worked eleven hour days, with six hour days immediately before and immediately after the rental days.

45. The six hour days for the renters were comprised of the same activities as if the it was the day before and after the Defendants were on property.

46. The eleven hour days were comprised of the same activities as a fifteen hour day, with less extended time frames.

47. In addition, on two occasions the Plaintiffs were required to perform their services at a boat event for Defendants.  On those two occasions, Plaintiffs worked twelve hour days.

48. The twelve hours days were comprised of providing all hospitality services on the Defendants' boat, including preparation, cooking and cleaning, and continued butler service of all hospitality needs while on the boat.

49.    On or about Sunday August 26, 2018, Plaintiff Suarez traveled with the family to Sag Harbor to provide comprehensive hospitality services to the Defendants and their family (herein the Sag Harbor Trip).

50.    On August 26, 2018, Plaintiff Suarez worked a total of six hours preparing for the trip and traveling to Sag Harbor to embark.

51.    Thereafter, for the next four days Plaintiff Suarez work thirteen hour days providing hospitality services, including childcare and caretaking.

52.    On or about February 8, 2020 and continuing through February 16, 2020, Plaintiff Melo traveled with the Defendants and their family to the Bahamas (the Bahamas Trip).  During those eight days Plaintiff Melo provided the Defendants with full hospitality services including cooking, cleaning and maintenance and was there and available at all times for butler style hospitalities services.

53.    For the eight days of the Bahamas Trip, Plaintiff Melo worked fifteen hour days and had a six hour day of preparation before and after the Bahamas Trip.

54.    In or about September 2018, Defendant Carter Murray advised Plaintiffs that they no longer had unlimited use of the provided automobile, and that instead their use was to be limited to that needed for the employed services.

55.    Defendants kept no accurate records of any sort regarding the number of hours worked by Plaintiffs.

56.    The Plaintiffs were each paid a weekly amount of $403.85, which is the amount called for in the Employment Agreement.

57.    During their employment, other than the weekly wages, Plaintiffs additional payments were limited to the following:  (i) $500 in cash to Plaintiff Melo on February 16, 2020

(purportedly for the additional work on the Bahamas Trip); (ii) $400 in cash to Plaintiff Suarez on September 2, 2018 (purportedly to pay for the additional work on the Sag Harbor Trip); and (iii) $1,000 each in cash on August 16, 2019 to compensate for the lack of tips from rentals that Defendant Carter Murray had assured Plaintiffs would supplement their income.

58.　Other than the above, Plaintiffs were not paid any premium pay for those weeks where they worked in excess of forty hours.

59.　During the relevant years the New York minimum wage was/is:  2018, $10.40; 2019, $11.10; and 2020, $11.80.

60.　Set out in the schedule submitted as an Attachment to this Complaint is a spreadsheet showing each work week, the number of hours worked each day and the total number of hours for each work week (herein the Schedule), exclusive of the Bahamas Trip and the Sag Harbor Trip.

61.　The data in the Schedule is based upon Plaintiffs correspondence and communication regarding the Defendants being on property and/or assigning the other tasks such as rentals and boat parties.

62.　The Schedule includes the following information processing this data:

　　　"Week Total" = total number of hours for that work week;

　　　"OT" = overtime hours for that work week, if any;

　　　"WPR" = the weekly pay rate actually paid;

　　　"EHR" = the equivalent hourly rate (WPR divided by Week Total);

　　　"NYMW" = the New York minimum wage;

　　　"STO" = straight time owed (Week Total times NYMW); and

　　　"OTP" = over time premium (OT times half of the NYMW).

63. The Schedule then calculates the amount owed by combining the STO and the OTP, creating a "Total Entitled" for each work week.

64. The "Total Due" is calculated by subtracting WPR from the Total Entitled for each week.

65. Effective March 18, 2020 Plaintiffs were told verbally by Defendant Carter Murray that Plaintiffs were terminated from employment and Plaintiffs were removed from payroll on that date.

66. Defendants have yet to provide the notice to terminate the Employment Agreement as required by the unambiguous terms of the Employment Agreement.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE FLSA

67. Plaintiffs repeat and re-allege the preceding allegations.

68. Plaintiff worked in excess of forty hours in certain work weeks as set out in the Schedule and received no overtime compensation as required by the FLSA.

69. Defendants' failure to pay overtime wages to Plaintiffs was willful as defined by the FLSA.

70. As a consequence of the willful underpayment of wages, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid overtime compensation, together with interest, liquidated damages and attorneys fees and costs, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF STATE LAW

71. Plaintiffs repeat and re-allege the preceding allegations.

72. Defendants failed to pay Plaintiff the minimum wage as required by New York Labor Law.

73. Defendants failure to pay the minimum wage was willful.

74. Ass a consequence of the willful underpayment of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wage pursuant to New York State law together with interest, liquidated damages and attorneys fees and costs in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME IN VIOLATION OF NEW YORK STATE LAW

75. Plaintiffs repeat and re-allege the preceding allegations.

76. Plaintiffs routinely worked at least sixty hours per week and received no overtime compensation as required by the NYLL.

77. Defendants failure to pay the overtime wages was willful and without excuse.

78. As a consequence of the willful underpayment of wages alleged above, Plaintiffs have incurred damages and Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wage pursuant to New York State law together with interest, liquidated damages and attorneys fees and costs in an amount to be determined at trial.

79. Plaintiffs seek and are entitled to recover Plaintiffs' respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and-post judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY SPREAD OF HOURS
## PREMIUM IN VIOLATION OF NEW YORK STATE LAW

80. Plaintiffs repeat and re-allege the preceding allegations.

81. During Plaintiffs employment Plaintiffs regularly worked in excess of ten (10) hours in a workday.

82. Defendants willfully and intentionally failed to pay Plaintiffs one additional hour's pay at the New York minimum wage rate on days in which he worked in excess of ten (10) hours as required under N.Y. Comp. Code R. & Regs., Title 12, § 142-2.4.

83. Plaintiffs seek and are entitled to recover Plaintiffs' respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## FAILURE TO COMPLY WITH NEW YORK'S WAGE NOTICE REQUIREMENTS

84. Plaintiffs repeat and re-allege the preceding allegations.

85. Defendants failed to provide Plaintiffs with the mandatory wage notice in violation of NYLL Section 195(1).

86. The NYLL provides for certain damages for each day of such violation.

## SIXTH CAUSE OF ACTION
## FAILURE TO COMPLY WITH NEW YORK'S WAGE STATEMENT REQUIREMENTS

87. Plaintiffs repeat and re-allege the preceding allegations.

88. Defendants failed to provide Plaintiffs with the mandatory wage statement with each paycheck in violation of NYLL 195(3).

89. The NYLL provides for certain damages for each day of such violation.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

90. Plaintiffs repeat and re-allege the preceding allegations.

91. Defendants breached the Employment Agreement by, among other things, failing to pay promised wages and benefits until such time as Plaintiffs are provideD termination notice in the form required by the Employment Agreement.

92. Plaintiff has been harmed by such breach.

## EIGHTH CAUSE OF ACTION
## QUASI-CONTRACT

93. Plaintiffs repeat and re-allege the preceding allegations.

94. In the alternative, Defendants have violated quasi-contractual standards including unjust enrichment, quantum meruit and promissory estoppel.

95. Plaintiffs have been harmed by such breach.

## RELIEF SOUGHT

Plaintiffs seek judgment against Defendants as follows:

(i)     An order declaring that the Defendants violated the FLSA;

(ii)    An order declaring that the Defendants' violations of the FLSA were willful;

(iii)   An order declaring that the Defendants violated the NYLL;

(iv)    An award of minimum wage compensation under the NYLL;

(v)     An award of overtime compensation under the FLSA and NYLL;

(vi)    An award of unpaid minimum wage under NYLL;

(vii)   An award of spread of hours payments due under the NYLL;

(viii)  An award of liquidated damages pursuant to the FLSA;

(ix)    An award of liquidated damages for violations of NYLL;

(x)     Remedy of all breach of contract by Defendants;

(xi)     Remedy of all breach of quasi-contract by Defendants;

(xii)    All penalties available under the applicable laws for the wage notice and wage notice and wage statement violations;

(xiii)   An award of all costs of this action, and reasonable attorneys' fees and disbursements incurred in connection with this action;

(xiv)   Pre- and Post- Judgment interest as provided by law; and

(xv)    Such other relief as the Court deems just and proper.

Dated:  Rhinebeck, New York
        May 5, 2020

_____
Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
(845) 876-7500
ncharny@charnywheeler.com

Attorneys for Plaintiffs

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/22/18 | 6 | | | | | | | | | |
| 2/23/18 | 15 | | | | | | | | | |
| 2/24/18 | 15 | | | | | | | | | |
| 2/25/18 | 15 | | | | | | | | | |
| 2/26/18 | 6 | | | | | | | | | |
| 2/27/18 | 3 | | | | | | | | | |
| 2/28/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 3/8/18 | 6 | | | | | | | | | |
| 3/9/18 | 15 | | | | | | | | | |
| 3/10/18 | 15 | | | | | | | | | |
| 3/11/18 | 15 | | | | | | | | | |
| 3/12/18 | 6 | | | | | | | | | |
| 3/13/18 | 3 | | | | | | | | | |
| 3/14/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 3/15/18 | 6 | | | | | | | | | |
| 3/16/18 | 15 | | | | | | | | | |
| 3/17/18 | 15 | | | | | | | | | |
| 3/18/18 | 15 | | | | | | | | | |
| 3/19/18 | 6 | | | | | | | | | |
| 3/20/18 | 3 | | | | | | | | | |
| 3/21/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 4/12/18 | 6 | | | | | | | | | |
| 4/13/18 | 15 | | | | | | | | | |
| 4/14/18 | 15 | | | | | | | | | |
| 4/15/18 | 15 | | | | | | | | | |
| 4/16/18 | 6 | | | | | | | | | |
| 4/17/18 | 3 | | | | | | | | | |
| 4/18/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 4/26/18 | 6 | | | | | | | | | |
| 4/27/18 | 15 | | | | | | | | | |
| 4/28/18 | 15 | | | | | | | | | |
| 4/29/18 | 15 | | | | | | | | | |
| 4/30/18 | 6 | | | | | | | | | |
| 5/1/18 | 3 | | | | | | | | | |
| 5/2/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 5/10/18 | 6 | | | | | | | | | |
| 5/11/18 | 15 | | | | | | | | | |
| 5/12/18 | 15 | | | | | | | | | |
| 5/13/18 | 15 | | | | | | | | | |
| 5/14/18 | 6 | | | | | | | | | |
| 5/15/18 | 3 | | | | | | | | | |
| 5/16/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 5/17/18 | 6 | | | | | | | | | |
| 5/18/18 | 15 | | | | | | | | | |
| 5/19/18 | 15 | | | | | | | | | |
| 5/20/18 | 15 | | | | | | | | | |
| 5/21/18 | 6 | | | | | | | | | |
| 5/22/18 | 3 | | | | | | | | | |
| 5/23/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 6/14/18 | 4 | | | | | | | | | |
| 6/15/18 | 13 | | | | | | | | | |
| 6/16/18 | 4 | | | | | | | | | |

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/17/18 | 3 | | | | | | | | | |
| 6/18/18 | 3 | | | | | | | | | |
| 6/19/18 | 6 | | | | | | | | | |
| 6/20/18 | 15 | 48 | 8 | $403.85 | $8.41 | $10.40 | $499.20 | $41.60 | $540.80 | $136.95 |
| 6/21/18 | 15 | | | | | | | | | |
| 6/22/18 | 15 | | | | | | | | | |
| 6/23/18 | 15 | | | | | | | | | |
| 6/24/18 | 15 | | | | | | | | | |
| 6/25/18 | 15 | | | | | | | | | |
| 6/26/18 | 15 | | | | | | | | | |
| 6/27/18 | 15 | 105 | 65 | $403.85 | $3.85 | $10.40 | $1,092.00 | $338.00 | $1,430.00 | $1,026.15 |
| 6/28/18 | 15 | | | | | | | | | |
| 6/29/18 | 15 | | | | | | | | | |
| 6/30/18 | 15 | | | | | | | | | |
| 7/1/18 | 15 | | | | | | | | | |
| 7/2/18 | 15 | | | | | | | | | |
| 7/3/18 | 15 | | | | | | | | | |
| 7/4/18 | 15 | 105 | 65 | $403.85 | $3.85 | $10.40 | $1,092.00 | $338.00 | $1,430.00 | $1,026.15 |
| 7/5/18 | 15 | | | | | | | | | |
| 7/6/18 | 15 | | | | | | | | | |
| 7/7/18 | 15 | | | | | | | | | |
| 7/8/18 | 15 | | | | | | | | | |
| 7/9/18 | 6 | | | | | | | | | |
| 7/10/18 | 3 | | | | | | | | | |
| 7/11/18 | 6 | 75 | 35 | $403.85 | $5.38 | $10.40 | $780.00 | $182.00 | $962.00 | $558.15 |
| 7/12/18 | 15 | | | | | | | | | |
| 7/13/18 | 15 | | | | | | | | | |
| 7/14/18 | 15 | | | | | | | | | |
| 7/15/18 | 15 | | | | | | | | | |
| 7/16/18 | 15 | | | | | | | | | |
| 7/17/18 | 6 | | | | | | | | | |
| 7/18/18 | 3 | 84 | 44 | $403.85 | $4.81 | $10.40 | $873.60 | $228.80 | $1,102.40 | $698.55 |
| 7/26/18 | 15 | | | | | | | | | |
| 7/27/18 | 15 | | | | | | | | | |
| 7/28/18 | 15 | | | | | | | | | |
| 7/29/18 | 15 | | | | | | | | | |
| 7/30/18 | 6 | | | | | | | | | |
| 7/31/18 | 3 | | | | | | | | | |
| 8/1/18 | 3 | 72 | 32 | $403.85 | $5.61 | $10.40 | $748.80 | $166.40 | $915.20 | $511.35 |
| 8/9/18 | 3 | | | | | | | | | |
| 8/10/18 | 6 | | | | | | | | | |
| 8/11/18 | 15 | | | | | | | | | |
| 8/12/18 | 15 | | | | | | | | | |
| 8/13/18 | 6 | | | | | | | | | |
| 8/14/18 | 6 | | | | | | | | | |
| 8/15/18 | 15 | 66 | 26 | $403.85 | $6.12 | $10.40 | $686.40 | $135.20 | $821.60 | $417.75 |
| 8/16/18 | 15 | | | | | | | | | |
| 8/17/18 | 15 | | | | | | | | | |
| 8/18/18 | 15 | | | | | | | | | |
| 8/19/18 | 15 | | | | | | | | | |
| 8/20/18 | 15 | | | | | | | | | |
| 8/21/18 | 6 | | | | | | | | | |

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 8/22/18 | 3 | 84 | 44 | $403.85 | $4.81 | $10.40 | $873.60 | $228.80 | $1,102.40 | $698.55 |
| 9/13/18 | 6 | | | | | | | | | |
| 9/14/18 | 15 | | | | | | | | | |
| 9/15/18 | 15 | | | | | | | | | |
| 9/16/18 | 6 | | | | | | | | | |
| 9/17/18 | 3 | | | | | | | | | |
| 9/18/18 | 6 | | | | | | | | | |
| 9/19/18 | 12 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 9/27/18 | 6 | | | | | | | | | |
| 9/28/18 | 15 | | | | | | | | | |
| 9/29/18 | 15 | | | | | | | | | |
| 9/30/18 | 15 | | | | | | | | | |
| 10/1/18 | 6 | | | | | | | | | |
| 10/2/18 | 3 | | | | | | | | | |
| 10/3/18 | 6 | 66 | 26 | $403.85 | $6.12 | $10.40 | $686.40 | $135.20 | $821.60 | $417.75 |
| 10/4/18 | 11 | | | | | | | | | |
| 10/5/18 | 11 | | | | | | | | | |
| 10/6/18 | 11 | | | | | | | | | |
| 10/7/18 | 11 | | | | | | | | | |
| 10/8/18 | 11 | | | | | | | | | |
| 10/9/18 | 6 | | | | | | | | | |
| 10/10/18 | 3 | 64 | 24 | $403.85 | $6.31 | $10.40 | $665.60 | $124.80 | $790.40 | $386.55 |
| 10/18/18 | 6 | | | | | | | | | |
| 10/19/18 | 15 | | | | | | | | | |
| 10/20/18 | 15 | | | | | | | | | |
| 10/21/18 | 15 | | | | | | | | | |
| 10/22/18 | 6 | | | | | | | | | |
| 10/23/18 | 3 | | | | | | | | | |
| 10/24/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 12/13/18 | 6 | | | | | | | | | |
| 12/14/18 | 15 | | | | | | | | | |
| 12/15/18 | 15 | | | | | | | | | |
| 12/16/18 | 15 | | | | | | | | | |
| 12/17/18 | 6 | | | | | | | | | |
| 12/18/18 | 3 | | | | | | | | | |
| 12/19/18 | 3 | 63 | 23 | $403.85 | $6.41 | $10.40 | $655.20 | $119.60 | $774.80 | $370.95 |
| 12/20/18 | 6 | | | | | | | | | |
| 12/21/18 | 15 | | | | | | | | | |
| 12/22/18 | 15 | | | | | | | | | |
| 12/23/18 | 15 | | | | | | | | | |
| 12/24/18 | 15 | | | | | | | | | |
| 12/25/18 | 15 | | | | | | | | | |
| 12/26/18 | 15 | 96 | 56 | $403.85 | $4.21 | $10.40 | $998.40 | $291.20 | $1,289.60 | $885.75 |
| 12/27/18 | 15 | | | | | | | | | |
| 12/28/18 | 15 | | | | | | | | | |
| 12/29/18 | 15 | | | | | | | | | |
| 12/30/18 | 15 | | | | | | | | | |
| 12/31/18 | 15 | | | | | | | | | |
| 1/1/19 | 15 | | | | | | | | | |
| 1/2/19 | 15 | 105 | 65 | $403.85 | $3.85 | $11.10 | $1,165.50 | $360.75 | $1,526.25 | $1,122.40 |
| 1/3/19 | 15 | | | | | | | | | |
| 1/4/19 | 15 | | | | | | | | | |

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/5/19 | 15 | | | | | | | | | |
| 1/6/19 | 15 | | | | | | | | | |
| 1/7/19 | 6 | | | | | | | | | |
| 1/8/19 | 6 | | | | | | | | | |
| 1/9/19 | 3 | 75 | 35 | $403.85 | $5.38 | $11.10 | $832.50 | $194.25 | $1,026.75 | $622.90 |
| 1/17/19 | 6 | | | | | | | | | |
| 1/18/19 | 15 | | | | | | | | | |
| 1/19/19 | 15 | | | | | | | | | |
| 1/20/19 | 15 | | | | | | | | | |
| 1/21/19 | 6 | | | | | | | | | |
| 1/22/19 | 3 | | | | | | | | | |
| 1/23/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 2/14/19 | 15 | | | | | | | | | |
| 2/15/19 | 15 | | | | | | | | | |
| 2/16/19 | 15 | | | | | | | | | |
| 2/17/19 | 15 | | | | | | | | | |
| 2/18/19 | 15 | | | | | | | | | |
| 2/19/19 | 6 | | | | | | | | | |
| 2/20/19 | 3 | 84 | 44 | $403.85 | $4.81 | $11.10 | $932.40 | $244.20 | $1,176.60 | $772.75 |
| 2/28/19 | 6 | | | | | | | | | |
| 3/1/19 | 15 | | | | | | | | | |
| 3/2/19 | 15 | | | | | | | | | |
| 3/3/19 | 15 | | | | | | | | | |
| 3/4/19 | 6 | | | | | | | | | |
| 3/5/19 | 3 | | | | | | | | | |
| 3/6/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 5/16/19 | 6 | | | | | | | | | |
| 5/17/19 | 15 | | | | | | | | | |
| 5/18/19 | 15 | | | | | | | | | |
| 5/19/19 | 15 | | | | | | | | | |
| 5/20/19 | 6 | | | | | | | | | |
| 5/21/19 | 3 | | | | | | | | | |
| 5/22/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 5/23/19 | 6 | | | | | | | | | |
| 5/24/19 | 15 | | | | | | | | | |
| 5/25/19 | 15 | | | | | | | | | |
| 5/26/19 | 15 | | | | | | | | | |
| 5/27/19 | 15 | | | | | | | | | |
| 5/28/19 | 15 | | | | | | | | | |
| 5/29/19 | 6 | 87 | 47 | $403.85 | $4.64 | $11.10 | $965.70 | $260.85 | $1,226.55 | $822.70 |
| 5/30/19 | 6 | | | | | | | | | |
| 5/31/19 | 15 | | | | | | | | | |
| 6/1/19 | 15 | | | | | | | | | |
| 6/2/19 | 15 | | | | | | | | | |
| 6/3/19 | 6 | | | | | | | | | |
| 6/4/19 | 3 | | | | | | | | | |
| 6/5/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 6/20/19 | 3 | | | | | | | | | |
| 6/21/19 | 6 | | | | | | | | | |
| 6/22/19 | 15 | | | | | | | | | |
| 6/23/19 | 15 | | | | | | | | | |
| 6/24/19 | 15 | | | | | | | | | |

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/25/19 | 15 | | | | | | | | | |
| 6/26/19 | 15 | 84 | 44 | $403.85 | $4.81 | $11.10 | $932.40 | $244.20 | $1,176.60 | $772.75 |
| 6/27/19 | 6 | | | | | | | | | |
| 6/28/19 | 3 | | | | | | | | | |
| 6/29/19 | 6 | | | | | | | | | |
| 6/30/19 | 15 | | | | | | | | | |
| 7/1/19 | 15 | | | | | | | | | |
| 7/2/19 | 15 | | | | | | | | | |
| 7/3/19 | 15 | 75 | 35 | $403.85 | $5.38 | $11.10 | $832.50 | $194.25 | $1,026.75 | $622.90 |
| 7/4/19 | 15 | | | | | | | | | |
| 7/5/19 | 15 | | | | | | | | | |
| 7/6/19 | 15 | | | | | | | | | |
| 7/7/19 | 6 | | | | | | | | | |
| 7/8/19 | 3 | | | | | | | | | |
| 7/9/19 | 3 | | | | | | | | | |
| 7/10/19 | 3 | 60 | 20 | $403.85 | $6.73 | $11.10 | $666.00 | $111.00 | $777.00 | $373.15 |
| 7/18/19 | 15 | | | | | | | | | |
| 7/19/19 | 15 | | | | | | | | | |
| 7/20/19 | 15 | | | | | | | | | |
| 7/21/19 | 15 | | | | | | | | | |
| 7/22/19 | 6 | | | | | | | | | |
| 7/23/19 | 3 | | | | | | | | | |
| 7/24/19 | 3 | 72 | 32 | $403.85 | $5.61 | $11.10 | $799.20 | $177.60 | $976.80 | $572.95 |
| 8/15/19 | 15 | | | | | | | | | |
| 8/16/19 | 15 | | | | | | | | | |
| 8/17/19 | 15 | | | | | | | | | |
| 8/18/19 | 15 | | | | | | | | | |
| 8/19/19 | 15 | | | | | | | | | |
| 8/20/19 | 6 | | | | | | | | | |
| 8/21/19 | 3 | 84 | 44 | $403.85 | $4.81 | $11.10 | $932.40 | $244.20 | $1,176.60 | $772.75 |
| 8/29/19 | 6 | | | | | | | | | |
| 8/30/19 | 15 | | | | | | | | | |
| 8/31/19 | 15 | | | | | | | | | |
| 9/1/19 | 15 | | | | | | | | | |
| 9/2/19 | 15 | | | | | | | | | |
| 9/3/19 | 6 | | | | | | | | | |
| 9/4/19 | 3 | 75 | 35 | $403.85 | $5.38 | $11.10 | $832.50 | $194.25 | $1,026.75 | $622.90 |
| 9/12/19 | 6 | | | | | | | | | |
| 9/13/19 | 15 | | | | | | | | | |
| 9/14/19 | 15 | | | | | | | | | |
| 9/15/19 | 15 | | | | | | | | | |
| 9/16/19 | 6 | | | | | | | | | |
| 9/17/19 | 3 | | | | | | | | | |
| 9/18/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 10/24/19 | 6 | | | | | | | | | |
| 10/25/19 | 15 | | | | | | | | | |
| 10/26/19 | 15 | | | | | | | | | |
| 10/27/19 | 15 | | | | | | | | | |
| 10/28/19 | 6 | | | | | | | | | |
| 10/29/19 | 3 | | | | | | | | | |
| 10/30/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 12/12/19 | 6 | | | | | | | | | |

| date | hours | week total | OT | WPR | EHR | NYMW | STO | OTP | total entitled | total due |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/13/19 | 15 | | | | | | | | | |
| 12/14/19 | 15 | | | | | | | | | |
| 12/15/19 | 15 | | | | | | | | | |
| 12/16/19 | 6 | | | | | | | | | |
| 12/17/19 | 3 | | | | | | | | | |
| 12/18/19 | 3 | 63 | 23 | $403.85 | $6.41 | $11.10 | $699.30 | $127.65 | $826.95 | $423.10 |
| 1/30/20 | 6 | | | | | | | | | |
| 1/31/20 | 15 | | | | | | | | | |
| 2/1/20 | 15 | | | | | | | | | |
| 2/2/20 | 15 | | | | | | | | | |
| 2/3/20 | 6 | | | | | | | | | |
| 2/4/20 | 3 | | | | | | | | | |
| 2/5/20 | 3 | 63 | 23 | $403.85 | $6.41 | $11.80 | $743.40 | $135.70 | $879.10 | $475.25 |
| 2/6/20 | 3 | | | | | | | | | |
| 2/7/20 | 3 | | | | | | | | | |
| 2/8/20 | 6 | | | | | | | | | |
| 2/9/20 | 15 | | | | | | | | | |
| 2/10/20 | 15 | | | | | | | | | |
| 2/11/20 | 6 | | | | | | | | | |
| 2/12/20 | 3 | 51 | 11 | $403.85 | $7.92 | $11.80 | $601.80 | $64.90 | $666.70 | $262.85 |
| 3/5/20 | 6 | | | | | | | | | |
| 3/6/20 | 15 | | | | | | | | | |
| 3/7/20 | 15 | | | | | | | | | |
| 3/8/20 | 15 | | | | | | | | | |
| 3/9/20 | 6 | | | | | | | | | |
| 3/10/20 | 3 | | | | | | | | | |
| 3/11/20 | 3 | 63 | 23 | $403.85 | $6.41 | $11.80 | $743.40 | $135.70 | $879.10 | $475.25 |
| 3/12/20 | 6 | | | | | | | | | |
| 3/13/20 | 15 | | | | | | | | | |
| 3/14/20 | 15 | | | | | | | | | |
| 3/15/20 | 15 | | | | | | | | | |
| 3/16/20 | 6 | | | | | | | | | |
| 3/17/20 | 3 | | | | | | | | | |
| 3/18/20 | 3 | 63 | 23 | $403.85 | $6.41 | $11.80 | $743.40 | $135.70 | $879.10 | $475.25 |